**STATE of Missouri, Respondent,**

v.

**Edward Gordon BOEJI, Appellant.**

**No. SD 30623.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 26, 2011.

---

**626**

Ellen Flottman, Columbia, for Appellant.

Chris Koster, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

 Edward Boeji was convicted of failing to register as a sex offender. We review *de novo* Boeji's claim that § 589.425[1] is unconstitutionally retrospective as applied to him. Our analytical framework features five elements, which we list in chronological order of enactment or occurrence:

1. **Mo. Const. art. I, § 13,** which bars enactment of retrospective laws and is broader than most states' *ex post facto* bars. Generally speaking, retrospective laws impose a new duty, obligation, or disability regarding past transactions or considerations, or adversely affect vested rights under existing laws.

2. **SORA,** Missouri's Sexual Offenders Registration Act, §§ 589.400 to 589.425, also known as **Megan's Law.**[2] First effective in 1995, it was expanded in 2000 to require registration by Missouri residents who are or have been required to register in other states or under federal law.

3. *Doe v. Phillips,* 194 S.W.3d 833 (Mo. banc 2006), declaring SORA retrospective in the narrow situation where a duty to register is "based

---

1. A person who must, but does not, register under §§ 589.400 to 589.425 is guilty of failing to register as a sex offender. § 589.425.1. Sections 589.400 to 589.425 apply to a wide range of persons (*see* § 589.400.1(1)–(8)), including Missouri residents required to register in other states or under federal law. § 589.400.1(7). Statutory citations, unless otherwise noted, are to RSMo as amended through 2008.

2. In 1994, 7–year–old Megan Kanka was sexually assaulted and murdered by her New Jersey neighbor who, unknown to Megan's family, was a child sex offender. Within two years, every state had adopted some type of "Megan's Law" for mandatory sex offender registration and community notification.

solely" on pre–1995 pleas or convictions.

4. **SORNA,** the federal Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16901–16929, which was enacted six months after *Phillips,* requires sex offenders to register where they live, and applies retroactively (*i.e.,* no matter when the crime occurred).

5. *Doe v. Keathley,* 290 S.W.3d 719 (Mo. banc 2009), which ruled that SORNA's independent federal obligation for sex offenders to register in Missouri is not subject to Mo. Const. art. I, § 13.

## Background

The undisputed material facts are easily summarized. Boeji pleaded guilty to sex crimes in Florida in 1989 and registered as a sex offender in that state. He moved to Illinois years later and registered as a sex offender there. Boeji moved to Missouri in 2008 knowing his duty to register here. His failure to do so led to his conviction.

These facts and the applicable law can be merged into a timeline:

1989—Boeji pleads guilty in Florida; must register as a sex offender.

1995—SORA becomes effective.

2000—SORA expanded; Missouri residents must register if required by federal law or if registered in another state.

January 2006—*Phillips* declares SORA registration requirements retrospective if "based solely" on pre-SORA convictions.

July 2006—SORNA enacted; federal law requires registration.

February 2007—SORNA expressly declared retroactive; requires registration regardless of conviction date.[3]

March 2007—Boeji registers as a sex offender in Illinois.

June 2008—Boeji moves to Missouri; never registers.

March 2009—Boeji charged with § 589.425 SORA violation.

June 2009—*Keathley* decided.

April 2010—Boeji tried and convicted under § 589.425.

## Analysis

■ Although his sole point mentions retrospectivity, Boeji mainly argues that he was not required to register under Missouri law. He cites *Phillips* in urging that no SORA duty can be based on his 1989 convictions. He also claims that Missouri did not, and could not, prosecute him for violating the federal duty recognized in *Keathley.* Thus, Boeji asserts that he was "convicted of a crime which he did not commit." Boeji reads *Phillips* too broadly and *Keathley* too narrowly. Neither case supports a reversal of his conviction.

■ We begin with *Phillips,* a pre-SORNA opinion which rejected challenges to Megan's Law except in one "extremely narrow" respect. 194 S.W.3d at 838. Our supreme court could not have been more clear or adamant: only a "duty to register based solely" on pre–1995 pleas or convictions violates Missouri's constitution. *Id.* "To this extent, *and only to this extent,* Megan's Law's registration requirements may not be enforced." *Id.* (emphasis in original). To drive this point home, our highest court contrasted sexually violent predators, who "are still fully required to register and comply with all aspects of Megan's Law because their obligations are

**3.** *See* Office of the Attorney General; Applicability of the Sex Offender Registration and Notification Act, 72 FR 8894–01 (February 28, 2007)(now codified at 28 C.F.R. § 72.3).

based on findings that they are SVPs and not merely on pre-Megan's Law criminal conduct." *Id.*

*Keathley* is strikingly similar to this case. Seven persons who, like Boeji, committed pre–1995 sex crimes in other states sought a ruling that they need not comply with Missouri's SORA registration requirements. 290 S.W.3d at 719. Like Boeji, they were subject to § 589.400(1)(7), which requires Missouri residents to register based on (1) convictions outside Missouri, *or* (2) a duty to register in another state or under federal law. *Id.* at 720. They claimed § 589.400(1)(7) was retrospective as to them and prevailed at trial, but lost in our supreme court. Section 589.400(1)(7) does not violate article I, § 13 because SORNA, which was enacted post-*Phillips,* imposes an independent federal obligation to register that is not subject to Missouri's ban on retrospective laws. *Id.* at 720–21.

SORNA, a federal law, compelled Boeji to register in Missouri.[4] This, and his prior registration in Illinois, required Boeji to register under SORA as well. *See* § 589.400(1)(7). *Phillips,* *Keathley,* and article I, § 13 do not change this result. To the contrary, like the SVPs described in *Phillips,* 194 S.W.3d at 838, Boeji is "still fully required to register and comply with all aspects of Megan's Law" because

his duties are based on federal law and his Illinois registration, "and not merely on pre-Megan's Law criminal conduct."

In summary, Boeji had to register under SORA, which did not violate article I, § 13. Boeji was not convicted of a crime that he did not commit.

Boeji's undeveloped assertion that § 589.425 itself is retrospective also fails. His liability under that statute required only (1) a SORA obligation to register,[5] and (2) failure to do so, both of which occurred in 2008. Section 589.425 only punishes non-registration, not the prior crime, so the prior crime's date is irrelevant. This is especially true for Boeji, who was subject to SORA registration on several alternative grounds (federal law, Illinois registration).

Further, no one could violate SORA before it existed (1995). Indeed, on this record, Boeji could not have done so until 2008. His Florida crimes, Illinois registration, and federal SORNA duty meant *nothing* under § 589.425 before he moved to Missouri. Until then, Boeji was not subject to SORA, had no duty to register in Missouri, and faced no Missouri liability for non-registration.[6]

### Conclusion

Boeji moved to Missouri, became subject to SORA, did not register, and thus violat-

---

4. SORNA registration, although federally required, is accomplished through state registration systems. *See* 42 U.S.C. §§ 16913, 16914.

5. Arguably, "the first element merely identifies to whom the statute applies; it is not a triggering event." *Cf. U.S. v. May,* 535 F.3d 912, 920 (8th Cir.2008) (construing 18 U.S.C. § 2250, SORNA's counterpart to § 589.425).

6. It is easy to understand how a Missouri citizen, or a non-resident with ties to our state or who is subject to our laws, could complain that a Missouri statute saddles him with a new duty, obligation, or disability, or adversely affects his vested rights under existing laws.

It is more difficult to see how, *e.g.,* a lifelong Florida resident who never had a passing thought about Missouri, much less connections or interests here, could raise similar complaints about a Missouri law adopted more than a decade before he moved to our state and first became subject to any Missouri law.

If Boeji is right about our constitution, pre–1995 sex offenders nationwide, or even worldwide, who for their whole lives may not have known Missouri from Morocco, seemingly could relocate here without fear of Missouri prosecution for refusing to register.

ed § 589.425, all no earlier than 2008. His resulting conviction was not for crimes past, but for violating a present duty to register in Missouri. This result does not offend our constitution. We affirm the judgment and conviction.

FRANCIS, P.J., and BARNEY, J., concur.