John DOE I, et al., Respondents,

v.

Major James KEATHLEY, Appellant,

Thomas Phillips and James Kanatzar, Defendants.

No. SC 89727.

Supreme Court of Missouri, En Banc.

June 16, 2009.

Rehearing Denied Sept. 1, 2009.

Chris Koster, Atty. Gen., Jeremiah J. Morgan, Deputy Solicitor General, Michael Pritchett, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

Arthur A. Benson, Jamie K. Lansford, Kansas City, MO, for Respondents.

RICHARD B. TEITELMAN, Judge.

James F. Keathley, superintendent of the Missouri Highway Patrol (Appellant), appeals from a summary judgment in favor of several Missouri residents who claim that that requiring them to register as sex offenders under Missouri's Sex Offender Registration Act, sections 589.400 to 589.420,[1] violates the state constitutional bar on the enactment of retrospective state laws set forth in article I, section 13 of the Missouri Constitution. The judgment is reversed.

### FACTS

Respondents are Missouri residents who allege they are required to register as sex offenders because they previously were convicted of crimes that make them subject to the sex offender registration provisions of sections 589.400 to 589.425.[2] The

---

1. All statutory citations are to RSMo Supp. 2007, unless otherwise indicated.

2. Respondents are John Does I–IX and XL The circuit court entered judgment for Keathley with respect to the claims of John Doe X. Keathley does not appeal the judgment with

registration requirements became effective January 1, 1995. On August 28, 2000, the registration scheme was amended to require registration for misdemeanor offenses under chapter 566.

Respondents I, II, III, IV, V, VIII and IX were convicted of sex crimes before January 1, 1995, in other states or in a military court. Respondents VII and XI pleaded guilty to misdemeanor sex offenses in Missouri prior to August 28, 2000. All respondents were required to register pursuant to section 589.400.1(7). Section 589.400.1(7) requires registration of Missouri residents: (1) who have been convicted of an offense in any other state, or foreign country or under federal or military law that is subject to sex offender registration under Missouri law; or (2) who are required to register as a sex offender in another state or under federal or military law.

Respondents filed a declaratory judgment action in which they asserted that section 589.400.1(7) violates the state constitutional bar on the enactment of laws that are retrospective in operation. Mo. Const. art. I, sec. 13. The circuit court entered summary judgment for the respondents. Appellant argues that article I, section 13 does not apply and, alternatively, that respondents are required to register pursuant to the federal sex offender registration law, 42 U.S.C. section 16901 to 16929.

## ANALYSIS

Article I, section 13 of the Missouri Constitution provides:

> That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted.

Respondents assert that section 589.400.1(7) violates article I, section 13 because the statute requires registration based on convictions that occurred prior to the effective date of the statute. This argument focuses on the "retrospective in its operation" clause of article I, section 13. Prior to assessing whether a law operates retrospectively, however, there must first be state law that is "enacted." Therefore, respondents first must establish that the registration requirement arises from the enactment of a state law.

In this case, respondents are subject to the independent, federally mandated registration requirements under the Sexual Offenders Registration and Notification Act (SORNA). SORNA provides, *inter alia,* that "[a] sex offender shall register ... in each jurisdiction where the offender resides." 42 U.S.C. section 16913. A "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. section 16911(1). A "sex offense" includes a "criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. section 16911(6). SORNA applies to individuals who committed a sex offense prior to July 20, 2006. 42 U.S.C. section 16913(d); 28 C.F.R., section 72.3. Therefore, SORNA imposes an independent obligation requiring respondents to register as sex offenders in Missouri. The independent registration requirement under SORNA operates irrespective of any allegedly retrospective state law that has been enacted and may be subject to the article I, section 13 ban on the enactment of retrospective state laws. Consequently, the circuit court erred in concluding that respondents are exempt from registration by virtue of article I, section 13 of

respect to John Doe X, and that portion of the judgment is not at issue in this appeal.

the Missouri Constitution. The judgment is reversed.

All concur.