John DOE, Respondent,

v.

Franklin County Sheriff Gary
F. TOELKE, Defendant,

Col. Ron Replogle, Missouri State
Highway Patrol, Appellant.

No. SC 92380.

Supreme Court of Missouri,
En Banc.

Dec. 18, 2012.

Deputy Solicitor General Jeremiah J.
Morgan and Mary D. Delworth, both of
the attorney general's office, Jefferson
City, for the State.

Matthew A. Radefeld and Tory D. Bernsen of Frank, Juengel & Radefeld PC, St. Louis, for Doe.

RICHARD B. TEITELMAN, Chief Justice.

Col. Ronald K. Replogle, superintendent of the state highway patrol, appeals from a declaratory judgment in favor of John Doe, a Missouri resident. The trial court entered a declaratory judgment finding that, as applied to Doe, Missouri's Sex Offender Registration Act (SORA), sections 589.400 to 589.420, RSMo Supp.2011, violates the bar against the enactment of retrospective state laws set forth in article I, section 13 of the Missouri Constitution. The court declined to address the applicability of the federal Sexual Offenders Registration and Notification Act (SORNA), 42 U.S.C. section 16901, and, therefore, declined to order the defendants to remove Doe's name from the registry and to destroy all registration records.

The judgment is reversed to the extent it holds that the trial court was without authority to address the applicability of SORNA and that the SORA registration requirements violate article I, section 13 as applied to Doe. The judgment is affirmed to the extent that it does not order the defendants to destroy the registration records.

## FACTS

In 1983, Doe pleaded guilty to one count of first-degree sexual assault in violation of section 566.040, RSMo Supp.1979. In 1995, SORA became effective, and Doe was required to register as a sex offender. In 2010, Doe filed a declaratory judgment action in which he asserted that SORA violates article I, section 13 and that he was not required to register pursuant to SORNA. Doe also asserted that the defendants were required to remove his name from the registry and to destroy all registration records.

The case was tried on a stipulated record. The circuit court entered a judgment declaring section 589.400 unconstitutional as applied to Doe. The court declined to address the applicability of SORNA and also declined Doe's request for the destruction of records because Doe may be required to register under federal law.

## ANALYSIS

Article V, section 14 of the Missouri Constitution provides that Missouri's circuit courts have original jurisdiction over all cases and matters, civil and criminal. When exercising this jurisdiction, Missouri courts routinely interpret and apply federal law, including the applicability of SORNA. *See Doe v. Keathley,* 290 S.W.3d 719, 720 (Mo. banc 2009). The circuit court erred by declining to decide whether Doe was required to register pursuant to SORNA. This case was tried on a stipulated record, and Doe admits that he previously was required to register pursuant to SORNA. Under these circumstances, there are no unresolved factual disputes that warrant remanding the case to the circuit court. Therefore, this Court will address the merits of the underlying claims.

■■■ This Court reviews the constitutional validity of a statute de novo. *Gurley v. Missouri Bd. of Private Investigator Examiners,* 361 S.W.3d 406, 411 (Mo. banc 2012). "A statute is presumed valid and will not be held unconstitutional unless it clearly contravenes a constitutional provision." *In re Brasch,* 332 S.W.3d 115, 119 (Mo. banc 2011). This Court "resolve[s] all doubt in favor of the [statute's] validity." *Ocello v. Koster,* 354 S.W.3d 187, 197 (Mo. banc 2011) (quoting *Westin Crown Plaza Hotel Co. v. King,* 664 S.W.2d 2, 5 (Mo. banc 1984)).

Article I, section 13 of the Missouri Constitution provides:

> That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted.

Doe asserts that section 589.400 violates article I, section 13 because the statute requires registration based on convictions that occurred prior to the effective date of the statute. This argument focuses on the "retrospective in its operation" clause of article I, section 13.

■ Section 589.400.1 provides that the lifetime registration requirements of "[s]ections 589.400 to 589.425 shall apply to" any person who meets certain conditions. The mandatory registration requirement of SORA applies to "[a]ny person who ... has been or is required to register in another state or has been or is required to register under tribal, federal, or military law...." Section 589.400.1(7).

Doe admits that, at least until 2009, he was required to register as a sex offender pursuant to the federal SORNA registration statute. SORNA imposes an independent, federally mandated registration requirement. *Doe v. Keathley*, 290 S.W.3d 719, 720 (Mo. banc 2009). As noted above, the SORA registration requirements apply to any person who "has been" required to register as a sex offender pursuant to federal law. Consequently, even if Doe presently is not required to register pursuant to SORNA, he "has been" required to register as a sex offender and, therefore, is required to register pursuant to SORA.

■ Doe argues that past federal registration requirements cannot impose a present state registration requirement without violating article I, section 13. This argument is incorrect. It is true that article I, section 13 prohibits the state from

imposing registration requirements based solely on the commission of a sex crime prior to the January 1, 1995, enactment of SORA. *Doe v. Phillips*, 194 S.W.3d 833, 852 (Mo. banc 2006). However, article I, section 13 does not prohibit the application of SORA to those individuals who are or have been subject to the independent registration requirements of SORNA. *Keathley*, 290 S.W.3d at 720. When, as in this case, the state registration requirement is based on an independent federal registration requirement, article I, section 13 is not implicated because the state registration requirement is not based solely on the fact of a past conviction. Instead, the state registration requirement is based on the person's present status as a sex offender who "has been" required to register pursuant to SORNA. Doe has been required to register pursuant to SORNA and, therefore, presently is required to register pursuant to SORA.

## CONCLUSION

The judgment is reversed to the extent it holds that the court was without authority to address the applicability of SORNA and that the SORA registration requirements violate article I, section 13 as applied to Doe. The fact that Doe is required to register under SORA means that the circuit court concluded correctly that the defendants were not required to destroy Doe's registration requirements. The judgment is affirmed, therefore, to the extent that it does not order the defendants to destroy the registration records.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and DRAPER, JJ., concur.