Jason D. GRIESHABER, Appellant,

v.

Colonel Timothy FITCH,
et al., Respondents.

No. ED 98948.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 2013.

Application for Transfer to Supreme Court Denied July 31, 2013.

Application for Transfer Denied Oct. 29, 2013.

Gilbert C. Sison, Chris Koster, Attorney General, Mary Delworth Morris, Assistant Attorney General, Saint Louis, MO, Jeremiah J. Morgan, Deputy Solicitor General, Jefferson City, MO, for appellant.

Robert Fox, Clayton, MO, for respondents.

### *OPINION*

GLENN A. NORTON, Judge.

Jason D. Grieshaber appeals the grant of summary judgment in favor of Colonel Timothy Fitch, Chief of the St. Louis County Police Department, Robert P. McCulloch, Prosecuting Attorney of St. Louis County, and Colonel Ronald K. Replogle, Superintendent of the Missouri State Highway Patrol ("Defendants"), on Grieshaber's amended petition which sought removal of Grieshaber's name and identifying information from Missouri's sex offender registry. We affirm.

## I.  BACKGROUND

The facts are undisputed.  In January 2001, Grieshaber pled guilty in the Circuit Court of St. Louis County to two counts of attempted child molestation in the second degree, class C misdemeanors.  At the time the underlying offenses were committed against the victim, Grieshaber was nineteen years old and the victim was thirteen years old.

Grieshaber registered as a sex offender in Missouri in February 2005.  In October 2010, Grieshaber brought an amended petition against Defendants which sought removal of Grieshaber's name and identifying information from Missouri's sex offender registry pursuant to section 589.400.8 RSMo Supp.2010.  Grieshaber's amended petition alleged that he met the criteria of section 589.400.8 of Missouri's Sex Offender Registration Act ("SORA")[1] because: (1) two years had passed since his guilty pleas; (2) he was nineteen years of age and the victim was thirteen years of age at the time of the offenses; and (3) no physical force or threat of physical force was used in the commission of the offenses.  *See* section 589.400.3(4) (providing that the registration requirements of SORA are lifetime registration requirements unless, *inter alia,* "[t]he registrant may petition the court for removal ... from the registry under [section 589.400.8] and the court orders the removal ... of such person from the registry"); section 589.400.8 (providing the circumstances under which a registrant may file a petition for removal).

Subsequently, Defendant Colonel Ronald K. Replogle ("Defendant Replogle") filed a motion for summary judgment on Grieshaber's amended petition.  Defendant Replogle's motion for summary judgment alleged that: (1) Grieshaber failed to meet the statutory requirements for removal;  and (2) Grieshaber is required to register pursuant to SORA because he had an independent federal obligation to register as a sex offender pursuant to the federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. section 16901 *et seq.* (2006).[2]

The trial court entered summary judgment in favor of Defendants and dismissed Grieshaber's amended petition with prejudice.  In its judgment, the trial court concluded that Grieshaber, a Missouri resident, is required to register as a sex offender in Missouri pursuant to section 589.400.1(7) of SORA because he "has been or is required to register under federal law [ (SORA) ]."  The trial court also explicitly found that Grieshaber had an independent federal obligation to register as a sex offender pursuant to SORNA.  Grieshaber appeals.

## II.  DISCUSSION

### A.  Standard of Review

Our review of summary judgment is essentially de novo.  *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993).  We will affirm the grant of summary judgment only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *Id.* at 377.  Moreover, we must affirm the trial court's judgment if, as a matter of law, it is sustainable under any theory.  *Stark Liquidation Co. v. Florists' Mut. Ins. Co.,* 243 S.W.3d 385, 392 (Mo. App.E.D.2007).  In this appeal, Grieshaber

---

1.  All further references to SORA, sections 589.400 through 589.425, are to RSMo Supp. 2010.

2.  All further references to SORNA are to 42 U.S.C. section 16901 *et seq.* (2006) or 18 U.S.C. section 2250(a) (2006).

challenges the trial court's interpretation and application of SORNA and SORA, which are matters that we review de novo. *See Otte v. Edwards*, 370 S.W.3d 898, 900 (Mo.App.E.D.2012) (matters of statutory interpretation and application are reviewed de novo).

## B. Grieshaber Had an Independent Federal Obligation to Register as a Sex Offender Pursuant to SORNA

Grieshaber asserts three points on appeal. In all three points, Grieshaber claims that the trial court erred in finding that Grieshaber had an independent federal obligation to register as a sex offender pursuant to SORNA. We disagree.

### 1. Grieshaber's Substantive Obligation to Register as a Sex Offender Does Not Arise Only from State Law and He May Not File a Petition for Removal from Missouri's Sex Offender Registry Pursuant to Section 589.400.8 of SORA

■ In his first point on appeal, Grieshaber contends that the trial court erred in finding that he had an independent federal obligation to register as a sex offender under SORNA because the substantive obligation to register as a sex offender arises only from state law. Grieshaber further asserts that because only state law controls, he should be permitted to file a petition for removal from Missouri's sex offender registry pursuant to section 589.400.8 of SORA.

SORNA was enacted in July 2006 to establish a comprehensive national system for the registration of sex offenders. 42 U.S.C. section 16901. The Missouri Supreme Court has issued two decisions interpreting and applying SORNA: *Doe v. Keathley*, 290 S.W.3d 719 (Mo.banc 2009) and *Doe v. Toelke*, 389 S.W.3d 165 (Mo. banc 2012). Both decisions discuss the interplay between the state registration

requirement found in section 589.400.1(7) of SORA and the federal registration requirement of SORNA found in 42 U.S.C. section 16913(a). *Toelke*, 389 S.W.3d at 166–67; *Keathley*, 290 S.W.3d at 720–21. Section 589.400.1(7) of SORA requires a Missouri resident to register as a sex offender if he or she "has been or is required to register under . . . federal . . . law. . . ." The federal SORNA provides "[a] sex offender shall register . . . in each jurisdiction where the offender resides." 42 U.S.C. section 16913(a). A "sex offender" is "an individual who was convicted of a sex offense," and the definition of "sex offense" includes "a criminal offense that is a specified offense against a minor." 42 U.S.C. section 16911(1) and (5)(A)(ii).

In *Keathley* and *Toelke*, the Missouri Supreme Court held as follows: If a Missouri resident is a "sex offender" pursuant to the terms of SORNA, SORNA imposes upon such a person an "independent, federally mandated registration requirement" which triggers the individual's duty to register in Missouri pursuant to section 589.400.1(7) of SORA. *Toelke*, 389 S.W.3d at 167; *Keathley*, 290 S.W.3d at 720. SORNA's registration requirement applies to persons who committed a sex offense prior to SORNA's July 2006 enactment. *Keathley*, 290 S.W.3d at 720. When the state registration requirement is based on an independent federal registration requirement, the state registration requirement does not arise from the enactment of a state law and is not based solely on the fact of a past conviction. *Id.; Toelke*, 389 S.W.3d at 167. Instead, the state registration requirement in section 589.400.1(7) of SORA is based on the person's present status as a sex offender who "has been or is required" to register pursuant to SORNA. *Toelke*, 389 S.W.3d at 167; section 589.400.1(7). Therefore, if an individual has been required to register pursuant to

SORNA, he or she is presently required to register pursuant to SORA. *Toelke,* 389 S.W.3d at 167.

In this case, Grieshaber claims that "[t]he Missouri Supreme Court … erred in concluding that there was an independent, federal obligation under SORNA to register as a sex offender."[3] However, our Court is constitutionally bound to follow *Doe v. Keathley* and *Doe v. Toelke* because they are the most recent controlling decisions of the Missouri Supreme Court. *Carter v. Division of Employment Sec.,* 350 S.W.3d 482, 486 n. 3 (Mo.App. W.D.2011); *see also* Mo. Const. article V, section 2.

Pursuant to the reasoning in *Keathley* and *Toelke,* Grieshaber had an independent federal obligation to register as a sex offender. It is undisputed that Grieshaber is a "sex offender" pursuant to the terms of SORNA because he was convicted of two counts of attempted child molestation. *See* 42 U.S.C. section 16911(1) (a "sex offender" is "an individual who was convicted of a sex offense"); 42 U.S.C. section 1691 l(5)(A)(ii), (7)(H), and (7)(I) (a "sex offense" is "a criminal offense that is a specified offense against a minor," including "[c]riminal sexual conduct involving a minor" and "[a]ny conduct that by its nature is a sex offense against a minor"). Accordingly, SORNA imposes an independent, federally mandated registration requirement upon Grieshaber which triggers his duty to register in Missouri pursuant to section 589.400.1(7) of SORA. In other words, because Grieshaber "has been or is required to register" pursuant to SORNA, he is presently required to register pursuant to section 589.400.1(7) of SORA.

Moreover, because Grieshaber's state registration requirement is based on an independent federal registration requirement, he may not file a petition for removal from Missouri's sex offender registry pursuant to section 589.400.8. Section 589.400.8 provides, in relevant part, that:

> any person on the sexual offender registry *for having been convicted of, found guilty of or having pled guilty or nolo contendere to an offense included under [section 589.400.1]* may file a petition after two years have passed from the date the offender was convicted … for removal of his or her name from the registry if such person was nineteen years of age or younger and the victim was thirteen years of age or older at the time of the offense and no physical force or threat of physical force was used in the commission of the offense. …

(emphasis added). Here, Grieshaber is not on the state sex offender registry solely because of the fact of his past convictions or guilty pleas. *Toelke,* 389 S.W.3d at 167. Instead, he is on the registry because of the state registration requirement in section 589.400.1(7) of SORA, which is based on Grieshaber's present status as a sex offender who "has been or is required" to register pursuant to SORNA. *Id.;* section 589.400.1(7). Therefore,

3. Grieshaber claims that the Supreme Court erred by failing to recognize that SORNA was a federal statute enacted through Congress' Spending Clause power, and therefore the substantive obligation to register as a sex offender arises from state law rather than federal law. In light of our discussion in section II.B.2.b below, where we hold that 42 U.S.C. section 16913(a) of SORNA is constitutionally authorized under the Commerce Clause and the enabling Necessary and Proper Clause, we need not consider Grieshaber's claim that SORNA was enacted through Congress' Spending Clause power. *See Pierce County, Wash. v. Guillen,* 537 U.S. 129, 147 n. 9, 123 S.Ct. 720, 154 L.Ed.2d 610 (2003) (determination of whether statute was a proper exercise of Congress' authority under the Spending Clause was unnecessary in light of holding that Congress had authority to enact statute under the Commerce Clause).

Grieshaber may not file a petition for removal from Missouri's sex offender registry pursuant to section 589.400.8.[4] Point one is denied.

## 2. SORNA's Registration Requirement Applies to Intrastate Offenders Such as Grieshaber and is Not Unconstitutional as Applied to Grieshaber

In his second and third points on appeal, Grieshaber contends that the trial court erred in finding that he had an independent federal obligation to register as a sex offender under SORNA because SORNA's registration requirement either does not apply to him or is unconstitutional as applied to him in that he is an intrastate offender. Grieshaber maintains he is an intrastate offender because he has remained in Missouri for all relevant times he has been required to register as a sex offender pursuant to SORNA.

The two relevant sections of SORNA at issue in this appeal are the registration provision set forth in 42 U.S.C. section 16913(a) ("section 16913(a)") and the penalty provision for failure to register set forth in 18 U.S.C. section 2250(a) ("section 2250(a)"). As previously stated, section 16913(a) provides that "[a] sex offender shall register … in each jurisdiction where the offender resides." The penalty provision set forth in section 2250(a) provides that failure to register is "a federal criminal offense covering, *inter alia*, any person who (1) 'is required to register under [SORNA],' (2) 'travels in interstate [ ] commerce,' and (3) 'knowingly fails to register or update a registration.'" *Carr v. U.S.*, 560 U.S. 438, 130 S.Ct. 2229, 2232, 176 L.Ed.2d 1152 (2010) (quoting section 2250(a)). For persons convicted of sex offenses under state law, interstate travel is a prerequisite to section 2250(a) liability. *Carr*, 130 S.Ct. at 2234–35, 2235 n. 3.

### a. SORNA's Application

In his second point on appeal, Grieshaber claims that he had no independent federal obligation to register because, pursuant to *Carr*, 130 S.Ct. 2229, Grieshaber has not and cannot be subject to federal prosecution under section 2250(a) since it is undisputed that he has not traveled in interstate commerce. A similar argument was rejected by the Western District in *Doe v. Keathley*, 344 S.W.3d 759, 769 (Mo. App.W.D.2011).

---

**4.** Grieshaber argues that this result renders section 589.400.8 meaningless. We disagree. Consistent with our Court's reasoning and conclusion in this case, a person may file a petition for removal from the state sex offender registry pursuant to section 589.400.8 when, *inter alia*, the person's crime required the individual to register pursuant to section 589.400.1 of SORA but did not require him or her to register pursuant to SORNA. For example, if a person was convicted of the felony of sexual contact with a student, the offender was nineteen years old and the victim was eighteen years old at the time the offense was committed, and the sexual contact was consensual, the offender would be required to register pursuant to section 589.400.1 of SORA but would not be required to register pursuant to SORNA. *See* 589.400.1(1) (requiring registration of a person who is convicted of committing any felony offense under chapter 566 RSMo); section 566.086.1 RSMo Supp.2012 (setting forth the elements of the crime of sexual contact with a student); 42 U.S.C. section 16911(5)(C) (finding that "[a]n offense involving consensual sexual conduct is not a sex offense for purposes of [SORNA's registration requirements] if the victim was an adult…."). Under such circumstances, the person's state registration requirement would not be based on an independent federal registration requirement. Instead, the state registration requirement would be based solely on "having been convicted of, found guilty of, or having pled guilty or nolo contendere to an offense included under [section 589.400.1]" and therefore the individual would be able to file a petition for removal from the state registry pursuant to section 589.400.8 if he or she met the other requirements of section 589.400.8. *See* section 589.400.8.

In *Doe v. Keathley*, the offender, relying on *Carr*, 130 S.Ct. 2229, argued that he was not required to register pursuant to SORNA because the State failed to prove that he traveled in interstate commerce after SORNA's passage. 344 S.W.3d at 769. The Western District disagreed, finding that *Carr* merely holds that in order for a person to be subject to *federal criminal prosecution* under section 2250(a), he or she must have traveled in interstate commerce subsequent to SORNA's passage. *Id.* Moreover, *Carr* recognizes that state administrative and enforcement mechanisms set forth in various provisions of SORNA, rather than federal criminal prosecution pursuant to section 2250(a), "stand at the center of Congress' effort to account for missing sex offenders" in SORNA. *Id.* (quoting *Carr*, 130 S.Ct. at 2241). Therefore, the Western District concluded that "[i]ndividuals are subject to the obligation to register with state authorities as a sex offender independent of any interstate-travel component required to justify federal criminal enforcement." *Id.* Based on the reasoning employed by the Western District in *Doe v. Keathley* and the Court's ultimate conclusion, we hold that SORNA requires Grieshaber to register as a sex offender in Missouri irrespective of whether he is an intrastate offender. *Id.; See also Vaughan v. Missouri Dept. of Corrections*, 385 S.W.3d 465, 467–68 (Mo.App.W.D.2012) (relying on *Keathley* to hold that "[a]ppellants' argument that they [we]re not required to register as sex offenders in Missouri because they had not traveled in interstate commerce since SORNA's enactment was without merit"). Point two is denied.

### b. SORNA's Constitutionality

■ In his third and final point on appeal, Grieshaber claims that he had no independent federal obligation to register because SORNA's registration requirement, found in section 16913(a), is unconstitutional as applied to him since he is an intrastate offender. Grieshaber specifically argues that imposing a direct obligation to register on purely intrastate offenders such as himself would be an unconstitutional exercise of Congress' power under the Commerce Clause.

■ Before we address Grieshaber's claim, we must determine whether it is proper for this Court to review it. Pursuant to the Missouri Constitution, the Missouri Supreme Court has exclusive appellate jurisdiction in all cases involving the validity of a federal statute. Mo. Const. article V, section 3; *Joshi v. St. Luke's Episcopal Presbyterian Hosp.*, 142 S.W.3d 862, 866 (Mo.App.E.D.2004). However, the mere assertion that a federal statute is unconstitutional does not deprive our Court of jurisdiction. *Joshi*, 142 S.W.3d at 866. When a party's claim is not "real and substantial," but instead is merely colorable, our Court maintains jurisdiction and can review the claim. *Id.; Ahern v. P & H, LLC*, 254 S.W.3d 129, 134 (Mo.App. E.D.2008). For the reasons set forth below, Grieshaber's claim is not "real and substantial." Accordingly, our review is proper.

In *U.S. v. Howell*, the Eighth Circuit rejected the argument Grieshaber raises here—that SORNA unconstitutionally regulates purely intrastate activity beyond the reach of Congress' Commerce Clause.[5] 552 F.3d 709, 713–17 (8th Cir.2009). We find *Howell* instructive.

In *Howell*, appellants were convicted of failing to register as sex offenders in violation of section 2250(a) of SORNA because

---

5. Other federal courts have also rejected this argument. *See, e.g., U.S. v. Vasquez*, 611 F.3d 325, 329–31 (7th Cir.2010); *U.S. v. Guzman*, 591 F.3d 83, 90–91 (2nd Cir.2010).

they traveled in interstate commerce and failed to register or update their sex offender registration. 552 F.3d at 711–12. On appeal, appellants argued that their convictions should be reversed because, *inter alia,* the registration requirement found in section 16913(a) [6] of SORNA was unconstitutional. *Id.* at 713. They claimed that section 16913(a) was an unconstitutional exercise of Congress' Commerce Clause power because it regulates purely non-economic, intrastate activity by requiring registration of sex offenders who were convicted of state sex offenses but never cross state lines. *Id.*

In addressing appellants' claim, the Eighth Circuit found that although Congress has authority under the Commerce Clause to reach wholly intrastate activity which has a substantial effect on interstate commerce, there was little evidence in the record demonstrating that intrastate sex offender registration substantially affects interstate commerce. *Id.* at 714–15. Accordingly, the Court held:

> [a] narrow discussion which only analyzes section 16913[ (a) ] under [Congress' Commerce Clause authority] casts doubt on the constitutionally of section 16913[ (a) ].... *However, an analysis of section 16913[ (a) ] under the broad authority granted to Congress through both the [C]ommerce [C]lause and the enabling [N]ecessary and [P]roper [C]lause reveals the statute is constitutionally authorized.*

*Id.* at 715 (emphasis added).

The Court began its analysis of the constitutionality of section 16913(a) by determining that SORNA's overall statutory scheme and legislative history reveal that the purpose of SORNA is to regulate the interstate movement of sex offenders. *Id.* at 715–17. Therefore, SORNA furthers a legitimate end under the Commerce Clause, i.e., regulating persons and the use of channels in interstate commerce. *Id.* The Court then concluded that the registration requirement of section 16913(a) is an "appropriate aid to the accomplishment" of SORNA's purpose of tracking the interstate movement of sex offenders because the registration requirement helps establish a national system by which the government can monitor the location and travel of sex offenders. *Id.* at 717 (internal quotation omitted).

The Eighth Circuit recognized that the registration requirement of section 16913(a) applies to "wholly intrastate sex offenders" and found that "section 16913[ (a) ] is a reasonable means to track those offenders if they move across state lines." *Id.* The Court explained:

> In order to monitor the interstate movement of sex offenders, the government must know both where the offender has moved and where the offender originated. Without knowing an offender's initial location, there is nothing to ensure the government would know if the sex offender moved.

*Id.* The Court then held that "section 16913[ (a) ] is constitutional under Congress' authority to use the necessary and proper means to further its [C]ommerce [C]lause power because it 'is a necessary part of a more general regulation of interstate commerce.'" *Id.* (quoting *Gonzales v. Raich,* 545 U.S. 1, 37, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (Scalia, J., concurring)).

---

6. The appellants in *Howell* claimed that 42 U.S.C. section 16913 in its entirety was unconstitutional. 552 F.3d at 713. Additionally, the Eighth Circuit's analysis pertained to 42 U.S.C. section 16913 in its entirety. *Id.* at 713–17. Our references to *Howell* and our analysis is limited to section 16913(a) because it is the only subsection of 42 U.S.C. section 16913 that is implicated in this case.

Here, Grieshaber attempts to distinguish *Howell* because, unlike the procedural posture of this case, the appellants in *Howell* were federally prosecuted under section 2250(a) for failing to register. Grieshaber provides us with no legal authority in support of this distinction, and we find his claim is not "real and substantial." As explained above, *Howell* squarely addressed section 16913(a)'s application to wholly intrastate sex offenders and the provision's constitutionality. In accordance with the reasoning, findings, and holding of the Eighth Circuit in *Howell*, SORNA's registration provision, section 16913(a), is a reasonable means to track intrastate offenders if they move across state lines and is constitutionally authorized under Congress' authority pursuant to the Commerce Clause and the enabling Necessary and Proper Clause. Point three is denied.

### 3. Conclusion

Although we recognize that Grieshaber's arguments are compelling, we are bound by the Missouri Supreme Court's decisions in *Doe v. Keathley*, 290 S.W.3d 719 and *Doe v. Toelke*, 389 S.W.3d 165, and our Court agrees with the reasoning and conclusions of the Western District in *Doe v. Keathley*, 344 S.W.3d 759 and the Eighth Circuit in *U.S. v. Howell*, 552 F.3d 709. Pursuant to those cases, Grieshaber had an independent federal obligation to register as a sex offender pursuant to SORNA. Therefore, he is presently required to register as a sex offender pursuant to section 589.400.1(7) of SORA.[7] *Toelke*, 389 S.W.3d at 167.

### III. CONCLUSION

We affirm the trial court's grant of summary judgment in favor of Defendants.

CLIFFORD H. AHRENS, P.J. and SHERRI B. SULLIVAN, J., concur.

---

**7.** We note that the registration requirements of SORA are lifetime registration requirements unless:

(1) All offenses requiring registration are reversed, vacated or set aside;

(2) The registrant is pardoned of the offenses requiring registration;

(3) The registrant is no longer required to register and his or her name shall be removed from the registry under the provisions of subsection 6 of this section; or

(4) The registrant may petition the court for removal or exemption from the registry under subsection 7 or 8 of this section and the court orders the removal or exemption of such person from the registry.

Section 589.400.3. As previously indicated in section II.B.1 of this opinion, Grieshaber may not file a petition for removal under section 589.400.8.