**In re the Matter of Robert Edward KENNEDY, Respondent,**

v.

**STATE of Missouri and Missouri State Highway Patrol, Appellants.**

**No. SD 32490.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 25, 2013.

1. Huey did not file a responsive brief in this Court.

Chris Koster, Attorney General, and Jeremiah J. Morgan, Deputy Solicitor General, Jefferson City, Missouri; and H. Anthony Relys, Assistant Attorney General, St. Louis, MO, for Appellants.

Robin Phelan Northern, Dexter, MO, for Petitioner/Respondent.

WILLIAM W. FRANCIS, JR., C.J.

The State of Missouri, by and through the Missouri Attorney General ("Attorney General"), and the Missouri Highway Patrol ("MSHP") (collectively "Appellants"), appeal the "Judgment" of the trial court entered on November 19, 2012, ordering Robert Edward Kennedy's ("Kennedy") name be removed from the sexual offender registry for two second-degree statutory rape convictions in Stoddard County. Finding the trial court's Judgment was in error, we reverse the trial court's Judgment.

**Factual and Procedural Background**

The facts are undisputed. In September 2001, Kennedy pled guilty to two counts of second-degree statutory rape, in violation of section 566.034,[1] in the Circuit Court of Stoddard County. In October 2012, Kennedy filed a "Petition" in the Circuit Court of Stoddard County requesting the court remove his name from the sex offender registry in connection with the two convictions of second-degree statutory rape. Kennedy was convicted of a third offense, the date of which is not before this Court. The third offense was not included in these proceedings, although Kennedy acknowledged he was statutorily ineligible to be removed from the registry for the third offense.[2]

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Both parties acknowledge in their briefs that this third offense involved Kennedy pleading guilty to "deviate sexual assault under section 566.070," and that Kennedy could

Kennedy's Petition alleged that his name should be removed from the sex offender registry pursuant to section 589.400.7 of the Missouri's Sex Offender Registration Act ("SORA").[3] In support, Kennedy alleged that: (1) no physical force or threat of force was used in commission of the crimes; (2) more than ten years had passed since he was required to register; and (3) he was an upstanding citizen, employed, has had no arrests or charges since his plea, and was not a threat to public safety.

On November 19, 2012, a hearing was conducted and Kennedy adduced witness testimony in support of his Petition. The Stoddard County Prosecutor also appeared and cross examined Kennedy's witnesses. Kennedy testified he pled guilty to two counts of second-degree statutory rape on September 19, 2001, was sentenced to probation, and successfully completed his probation on September 19, 2006. Kennedy further testified he did not use any force or threat of force when he committed second-degree statutory rape, and that at the time he committed second-degree statutory rape, he was twenty-nine years old and his victims were sixteen years old. Kennedy stated no criminal charges had been filed against him since he pled guilty to second-degree statutory rape, and no complaints had been made against him from anyone. Kennedy testified he did not believe he was a potential threat to public safety.

On November 21, 2012, the trial court entered its Judgment granting Kennedy's Petition, and ordering Kennedy's name be "removed from the sexual offender registry" for the two convictions of second-degree statutory rape in the Circuit Court of Stoddard County. The trial court further ordered the Circuit Clerk of Stoddard County send certified copies of the Judgment to the MSHP, the Stoddard County Sheriff, and the Stoddard County Prosecuting Attorney.

Appellants filed this appeal of the trial court's Judgment. Appellants contend the trial court erred in ordering Kennedy removed from the sex offender registry because: (1) he "has been or is required to register" under the federal Sex Offender Registration and Notification Act ("SORNA")[4] and, therefore, he is required to register under SORA—section 589.400.7; (2) he must continue to register his conviction regarding the third offense, and "Missouri law does not contemplate 'partial removal' from the registry"; and (3) section 589.400.7 requires no physical force or threat of physical force be used in the commission of the crime for an offender's name to be removed, and Kennedy cannot meet that requirement because of Kennedy's third conviction for deviate sexual assault. Kennedy contends: (1) Appellants are not proper parties and do not have standing to appeal; (2) Missouri law provides an exception for the lifetime registration requirements regardless of whether the sex offender "has been or is required to register" as a sex offender under federal law; (3) Missouri law does allow for "partial removal" of specific offenses; and (4) lack of consent was not an element of the two convictions for which the trial

---

not be removed from the sexual offender registry for that offense.

**3.** See §§ 589.400–.426 RSMo Cum.Supp. (2013), also known as "Megan's Law."

**4.** See 42 U.S.C. §§ 16901 to 16929 (2012). "SORNA was enacted in July 2006 to estab-lish a comprehensive national system for the registration of sex offenders." *Grieshaber v. Fitch*, 409 S.W.3d 435, 438 (Mo.App. E.D. 2013) (quoting 42 U.S.C. section 16901). See also *Roe v. Replogle*, 408 S.W.3d 759, 765 (Mo. banc 2013).

court ordered his name be removed, and there was no evidence that Kennedy used physical force or threat of physical force in the commission of those crimes.

The issues for our determination are:

1. Does the Attorney General have standing to appeal the trial court's Judgment?
2. Must Kennedy's name remain on the sexual offender registry under Missouri law because he "has been or is required to" register under federal law?
   a. If yes, is Kennedy eligible for removal from Missouri's sex offender registry pursuant to section 589.400.7?

## Standard of Review

■ Our review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* Our review of matters involving statutory interpretation and application is *de novo*. *Otte v. Edwards*, 370 S.W.3d 898, 900 (Mo.App. E.D. 2012).

## Analysis

In response to this appeal, Kennedy first argues Appellants are not proper parties to this case and do not have standing to appeal. We disagree.

The State of Missouri was represented by the Stoddard County Prosecuting Attorney at the hearing before the trial court. Kennedy argued the Stoddard County Prosecutor was notified the Petition was filed in accordance with section 589.400.9(1), appeared at the hearing, and represented the interests and rights of the State. Kennedy further argues because he was not required to give notice to the Attorney General under section 589.400, the Attorney General is not a proper party to bring this case on appeal. Kennedy's argument ignores two Missouri statutes: (1) section 27.060; and (2) section 589.400.9(1).

First, section 27.060 provides:

The attorney general shall institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite *or necessary to protect the rights and interests of the state*, and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be necessary; and he may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved.

§ 27.060 (emphasis added).

■ Under section 27.060, "[t]he Attorney General is authorized to represent the interests of the State generally." *Fogle v. State*, 295 S.W.3d 504, 510 (Mo.App. W.D. 2009) (citing *State of Missouri v. Homesteaders Life Ass'n*, 90 F.2d 543, 545 (8th Cir.1937)). In addition, "[t]he Attorney General is, of course, generally authorized to seek enforcement of the General Assembly's statutory purposes." *Id.*

■ We must next determine whether the issues involved in this case involve "the rights and interests of the state." *See Fogle*, 295 S.W.3d at 510 (holding if it is in the interest of the State for the Attorney General to be able to challenge a judgment, the Attorney General "should be regarded as having standing to argue[.]"). We find, after examining section 589.400.9(1), the State has an interest in a trial court's judgment ordering removal of a sexual offender's name from the sexual

offender registry. This is evidenced by the legislature requiring "[t]he prosecuting attorney in the circuit court in which the petition is filed ... be given notice ... of the petition to present evidence in opposition to the requested relief or may otherwise demonstrate the reasons why the petition should be denied." § 589.400.9(1). This notice requirement is so important that if the person seeking removal from the registry fails to notify the prosecuting attorney of the petition, the petition will *automatically* be denied. *Id.* In addition, if the petition is denied, the person must wait "at least twelve months before petitioning the court again." § 589.400.9(2).

Therefore, we find the Attorney General has standing to appeal the trial court's Judgment and Appellants are proper parties to this appeal.[5]

### Point I: Kennedy's Obligation to Register as a Sex Offender Also Arises From Federal Law and, Therefore, He is Not Eligible for Removal From Missouri's Sex Offender Registry Pursuant to Section 589.400.7 of SORA

Appellants argue the trial court erred in ordering the removal of Kennedy's name from the sexual offender registry because Kennedy has a continuing obligation to register as a sex offender under federal law. Appellants further argue that because Kennedy is required to register under federal law, he is required to register under Missouri law, specifically section 589.400.1(7).

■ The Supreme Court of Missouri has addressed the interplay between the state registration requirement found in section 589.400.1(7) of SORA, and the federal registration requirement in SORNA found in 42 U.S.C. section 16913(a). *See*

*Doe v. Keathley,* 290 S.W.3d 719 (Mo. banc 2009); and *Doe v. Toelke,* 389 S.W.3d 165 (Mo. banc 2012). Section 589.400.1(7) of SORA requires that a Missouri resident register as a sex offender if he or she "*has been or is* required to register ... under ... federal ... law." (Emphasis added). SORNA requires a "sex offender shall register ... in each jurisdiction where the offender resides[.]" 42 U.S.C. section 16913(a). Under SORNA, a "sex offender" is "an individual who was convicted of a 'sex offense'"; a "sex offense" includes "a criminal offense that is a specified offense against a minor[.]" 42 U.S.C. section 16911(1) and (5)(ii). It is undisputed that Kennedy is a "sex offender" pursuant to the terms of SORNA.

In *Keathley* and *Toelke,* the Missouri Supreme Court held as follows: If a Missouri resident is a "sex offender" pursuant to the terms of SORNA, SORNA imposes upon such a person an "independent, federally mandated registration requirement" which triggers the individual's duty to register in Missouri pursuant to section 589.400.1(7) of SORA. *Toelke,* 389 S.W.3d at 167; *Keathley,* 290 S.W.3d at 720.... When the state registration requirement is based on an independent federal registration requirement, the state registration requirement does not arise from the enactment of a state law and is not based solely on the fact of a past conviction. *Id.; Toelke,* 389 S.W.3d at 167. Instead, the state registration requirement in section 589.400.1(7) of SORA is based on the person's present status as a sex offender who "has been or is required" to register pursuant to SORNA. *Toelke,* 389 S.W.3d at 167; section 589.400.1(7). Therefore, if an individual has been required to register pursuant to SORNA,

---

5. In light of this finding, whether the MSHP has standing is moot.

he or she is presently required to register pursuant to SORA. *Toelke,* 389 S.W.3d at 167.

*Grieshaber v. Fitch,* 409 S.W.3d 435, 438–39 (Mo.App. E.D.2013).

■ We are constitutionally bound to follow *Keathley* and *Toelke* because they are the most recent decisions of the Supreme Court of Missouri on this issue. *State Farm Mut. Auto. Ins. Co. v. Zumwalt,* 825 S.W.2d 906, 908 (Mo.App. S.D. 1992). Under *Keathley* and *Toelke,* Kennedy had an independent federal obligation to register as a sex offender.[6] Therefore, because Kennedy " 'has been or is required' to register pursuant to SORNA[,] . . . [he] is *presently* required to register pursuant to SORA." *Grieshaber,* 409 S.W.3d at 438–39 (emphasis added).

This conclusion requires us to find that Kennedy is not eligible for removal from Missouri's sex offender registry pursuant to section 589.400.7. Kennedy is not on the Missouri sex offender registry solely because of his past guilty pleas; rather, he is on the registry based on the State registration requirement found in section 589.400.1(7) (a sex offender who "has been or is required" to register pursuant to SORNA). *Id.* Under section 589.400.7, only those individuals "currently on the sexual offender registry *for having been convicted of, found guilty of, or having pleaded guilty or nolo contendere to*" the listed offenses may petition for the removal of his or her name from the sexual offender registry. Kennedy is on the registry because of his status as a sex offender who "has been or is required" to register pursuant to SORNA. *Id;* § 589.400.1(7).

Therefore, Kennedy is not eligible for removal from Missouri's Sex Offender Registry pursuant to section 589.400.7 of SORA, and the trial court misapplied the law by ordering removal of his name.

In light of our findings, we sustain Appellants' Point I. Finding Point I dispositive, we need not address Appellants' additional claims of error in Points II and III.

The Judgment of the trial court is reversed and remanded to the trial court for denial of Kennedy's petition and reinstatement of Kennedy's name to the sexual offender registry.

NANCY STEFFEN RAHMEYER, P.J., and DANIEL E. SCOTT, J., concurs.

---

**6.** Both parties concede that Kennedy was required to register as a sex offender under federal law for his convictions of second-degree statutory rape, so he was required to register as a sex offender pursuant SORA. In fact, Kennedy specifically acknowledged "since [he] was previously required to register as a sex offender under federal law for his convictions of statutory rape in the second degree, he is required to register as a sex offender pursuant to Mo.Rev.Stat. § 589.400.1(7)."