

# Missouri Court of Appeals

## Southern District

### Division Two

HEATH AUGUST DUNIVAN,     )
    )
      Petitioner-Respondent,     )
    )
vs.     )     Nos. SD32920 & 33224
    )
STATE OF MISSOURI,     )     **Filed: October 29, 2014**
    )
      Respondent-Movant-Appellant,     )
    )
and MISSOURI STATE HIGHWAY     )
PATROL,     )
    )
      Movant-Appellant.     )

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Kenneth M. Hayden, Circuit Judge

*Before Rahmeyer, J., Lynch, J., and Burrell, J.*

**<u>AFFIRMED</u>**

PER CURIAM. Heath August Dunivan, pursuant to the provisions of section 589.400,[1] filed a petition for the removal of his name from the Missouri Sex Offender Registry and requested to be relieved from the obligation to register. Pursuant to the provisions in section 589.400.9, the Laclede County Prosecuting Attorney's office was served with a copy of the petition and appeared at a hearing. The trial court granted

---

[1] All references to section 589.400 are to RSMo Cum.Supp. 2009.

Dunivan's request and entered an Order on May 20, 2013. Three months later, on August 19, 2013, the office of the Missouri Attorney General ("Attorney General") filed a motion to intervene[2] as of right on behalf of the State of Missouri ("State") and the Missouri State Highway Patrol ("MSHP"); the motion was denied. The State, by and through the Attorney General, only appeals the denial of intervention on behalf of the Attorney General and the MSHP.

In its first point, the Attorney General claims that the trial court erred in denying the motion to intervene as of right, because the trial court misapplied the law, in that the Attorney General's motion was timely and section 27.060[3] confers an unconditional right to intervene. In its second point, the Attorney General claims both the Attorney General and the MSHP have an absolute right to intervene pursuant to Rule 52.12(a).[4] Initially, we also note that the Attorney General uses the terms "standing" and "intervention" interchangeably in its argument. Although similar in elements, the two are separate concepts. In *Kennedy v. State*, 411 S.W.3d 873 (Mo.App. S.D. 2013), the Attorney General brought an appeal from the grant of the removal from the registry. *Id.* at 874. We held that the Attorney General had "standing" to bring an appeal from that order. *Id.* at 877. In this case, although the State appealed from the judgment granting the removal of Dunivan from the registry, it did not claim in its points relied on any trial court error

---

[2] The motion to intervene was filed in conjunction with a motion to set aside the order.

[3] All references to section 27.060 are to RSMo 2000.

[4] All rule references are to Missouri Court Rules (2014).

concerning the removal of Dunivan from the registry.  We thus limit our decision to the two points brought to this Court on appeal.[5]

## POINT I

The Attorney General claims that section 27.060 confers an absolute right to the Attorney General to intervene in this matter.  The Attorney General overstates the rights conveyed in section 27.060.  Section 27.060 provides:  the Attorney General "may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved."  The language in section 27.060 providing that the Attorney General "may" appear is not synonymous with an unconditional right to intervene in any existing lawsuit.  The question of whether the Attorney General may intervene in a lawsuit where the State is already a party and is being represented by the prosecuting attorney is not addressed in section 27.060.  As a result, we are not convinced that this statute provides the Attorney General with an "unconditional right" to intervene in such a suit.

The removal of a name from the Missouri Sex Offender Registry is governed by section 589.400; that section does not provide that the Attorney General be given notice of the petition to remove a name from the registry, nor does it mandate that the Attorney General be made an additional party to the proceeding.  Section 589.400 provides that the prosecuting attorney of the county be served.  The State was named as a party, the prosecuting attorney was served, and the State did appear at the hearing by the prosecuting attorney of the county as anticipated by the legislature in section 589.400.  The Attorney General has not directed us to any authority that the prosecuting attorney

---

[5] The Attorney General argued that Dunivan is still required to register under federal law; that contention is not before us in this appeal.

3

was unauthorized to represent the State in this type of case.[6] The sole issue before us is whether the Attorney General had an unconditional right to intervene pursuant to section 27.060 in a lawsuit in which the State was already a party and was being represented by the prosecuting attorney. We hold that it does not. Appellant's first point is denied.

## POINT II

In his second point, the Attorney General claims that the trial court erred in denying the motion to intervene because, as a practical matter, the disposition of Dunivan's petition may impair or impede the State and the MSHP in enforcing Missouri's Sex Offender Registration Act and their interests may not be adequately represented. In the absence of a statute conferring an unconditional right to intervene, a person seeking to intervene as of right must show (1) an interest in the property or transaction that is the subject of the action, (2) disposition of the action may as a practical matter impair or impede his ability to protect his interest, and (3) his interest is not adequately represented by the existing parties. Rule 52.12; *Myers v. City of Springfield, et al.*, No. SD32875, 2014 WL 3973109, *1 (Mo.App. S.D. August 14, 2014).

In his argument, the Attorney General claims that the MSHP has an absolute right to intervene because of its interest in maintaining the statewide sex offender registry as required by statute. The MSHP does have that duty, however, it does not have input into whether Dunivan should or should not be on the registry. This order by the trial court does not affect the MSHP's duty to maintain the registry. The MSHP cannot meet the first criteria that it has an interest in the pending litigation.

---

[6] The Attorney General contended at oral argument that he had specialized knowledge in these types of cases. That may well be true, but that does not deprive the prosecuting attorneys of the counties of their authority to act on behalf of the State in these cases.

4

The Attorney General further contends that he has an absolute right to intervene pursuant to Rule 52.12(a): first, arguing the right as set forth in Point I, and second arguing that *Kennedy v. State*, 411 S.W.3d 873 (Mo.App. S.D. 2013), provides that the State's interests are involved in these types of cases. As noted above, the State was made a party in this case and was represented by the prosecuting attorney. In *Kennedy*, the State, through the Attorney General, brought an appeal from the trial court judgment granting the removal from the registry. Its standing was challenged. We held that the State had standing to bring an appeal. The State did not try to intervene in a pending lawsuit where the State was already a party and was represented by the prosecuting attorney. Here, as in *Kennedy*, the State brought an appeal from the judgment granting the removal of a name from the registry, however, neither of the State's points on appeal claims that the trial court erred in ordering Dunivan's removal from the registry. The sole issue before us is whether the trial court abused its discretion in denying the Attorney General the right to intervene pursuant to Rule 52.12(a) in this case in which the State was already a party and was being represented by the prosecuting attorney. We hold that it did not. Point II is also denied.

The judgment is affirmed.