Nancy Steffen Rahmeyer, P.J.
The Missouri State Highway Patrol ("MSHP") appeals from the trial court's grant of Naresh Khatri's petition seeking the removal of his name from Missouri's sexual offender registry under section 589.400.3(4) and . 7, RSMo Cum.Supp. 2017. Once again, we are presented with an appeal from a judgment pursuant to section 589.400.7, which allows for removal from the Missouri sexual offender registry. Once again, despite the legislative intent that there be a method to be removed from the registry, we cannot affirm the judgment because of the requirement under Missouri's Sex Offender Registration Act ("SORA")[1] that a person must register on the Missouri registry if the person has been required to register at any time on the federal registry. We must reverse and remand with directions.
The facts are not contested. On February 14, 2007, Naresh Khatri ("Khatri") pled guilty to promoting prostitution in the third degree, and was sentenced to incarceration for two years with execution of that sentence suspended and Khatri placed on supervised probation for five years. The conviction caused Khatri to be required to register under the federal Sex Offender Registration and Notification Act ("SORNA")[2] as a Tier I sex offender. Khatri's requirement to register under SORNA expired on or about February 14, 2017, because he qualified for a clean record reduction that reduced his mandatory registration period to ten years. Khatri also was required to register under SORA because (1) he had been convicted of promoting prostitution in the third degree under section 589.400.1(2) and .2, and (2) he "has been or is required to register under ... federal ... law" under section 589.400.1(7) and .2.
On February 17, 2017, Khatri filed a petition seeking the removal of his name from Missouri's sexual offender registry under an exception to Missouri's lifetime registration requirements for "[a]ny person currently on the sexual offender registry for having been convicted of ... committing ... promoting prosecution in the third degree" "after ten years have passed from the date he ... was required to register." Section 589.400.3(4) and .7.
After an evidentiary hearing, the trial court entered judgment in favor Khatri finding that "[b]ecause [Khatri] has satisfied all Missouri and federal requirements for removal from the sex offender registry *484 and he is not a threat or potential threat to public safety, he is eligible to be, and should be, removed," and ordered that Khatri's "name shall be removed from the [registry] pursuant to Section 589.400.7."[3]
In a single point, the MSHP asserts that the trial court misapplied the law in ordering that Khatri's name be removed from Missouri's sexual offender registry under section 589.400.3(4) and .7 because Khatri is not currently on the registry solely for having been convicted of committing promoting prosecution in the third degree, but also because he "has been ... required to register" under federal law under section 589.400.1(7) and .2 with the result that Khatri is not eligible to have his name removed from the registry under section 589.400.3(4) and .7.[4]
Our decision in Kennedy v. State , 411 S.W.3d 873 (Mo. App. S.D. 2013), controls the resolution of this appeal. In Kennedy , the trial court granted Kennedy's petition to have his name removed from Missouri's sexual offender registry in connection with two convictions for statutory rape in the second degree under section 589.400.3(4) and .7. Id. at 874-75. Although not specifically addressed in the opinion, it appears that Kennedy's requirement to register under federal law for these two convictions had expired. Id. at 878 n.6 ("Both parties concede that Kennedy was required to register as a sex offender under federal law for his convictions of second-degree statutory rape.... In fact, Kennedy specifically acknowledged 'since [he] was previously required to register as a sex offender under federal law for his convictions of statutory rape in the second degree, he is required to register as a sex offender [under section] 589.400.1(7).' "). In reversing the trial court, we stated:
The Supreme Court of Missouri has addressed the interplay between the state registration requirement found in section 589.400.1(7) of SORA, and the federal registration requirement in SORNA found in 42 U.S.C. section 16913(a). See Doe v. Keathley , 290 S.W.3d 719 (Mo. banc 2009) ; and Doe v. Toelke , 389 S.W.3d 165 (Mo. banc 2012). Section 589.400.1(7) of SORA requires that a Missouri resident register as a sex offender if he or she "has been or is required to register ... under ... federal ... law." (Emphasis added)....
In Keathley and Toelke , the Missouri Supreme Court held as follows: If a Missouri resident is a "sex offender" pursuant to the terms of SORNA, SORNA imposes upon such a person an "independent, federally mandated registration requirement" which triggers the individual's duty to register in Missouri pursuant to section 589.400.1(7) of SORA. Toelke , 389 S.W.3d at 167 ; Keathley , 290 S.W.3d at 720.... When the state registration requirement is based on an independent federal registration requirement, the state registration requirement does not arise from the enactment of a state law and is not based solely on the fact of a past conviction. Id. ; Toelke , 389 S.W.3d at 167. Instead, the state registration requirement in section 589.400.1(7) of SORA is based on the person's present status as a sex offender who "has been or is required" to register pursuant to SORNA. Toelke , 389 S.W.3d at 167 ; section 589.400.1(7). Therefore, if an individual has been required to register pursuant to *485 SORNA, he or she is presently required to register pursuant to SORA. Toelke , 389 S.W.3d at 167.
Grieshaber v. Fitch , 409 S.W.3d 435, 438-39 (Mo. App. E.D. 2013).
We are constitutionally bound to follow Keathley and Toelke because they are the most recent decisions of the Supreme Court of Missouri on this issue. State Farm Mut. Auto. Ins. Co. v. Zumwalt , 825 S.W.2d 906, 908 (Mo. App. S.D. 1992). Under Keathley and Toelke , Kennedy had an independent federal obligation to register as a sex offender.[ ] Therefore, because Kennedy " 'has been or is required' to register pursuant to SORNA[,] ... [he] is presently required to register pursuant to SORA." Grieshaber , 409 S.W.3d at 438-39 (emphasis added).
This conclusion requires us to find that Kennedy is not eligible for removal from Missouri's sex offender registry pursuant to section 589.400.7. Kennedy is not on the Missouri sex offender registry solely because of his past guilty pleas; rather, he is on the registry based on the State registration requirement found in section 589.400.1(7) (a sex offender who "has been or is required" to register pursuant to SORNA). Id . Under section 589.400.7, only those individuals "currently on the sexual offender registry for having been convicted of, found guilty of, or having pleaded guilty or nolo contendere to " the listed offenses may petition for the removal of his or her name from the sexual offender registry. Kennedy is on the registry because of his status as a sex offender who "has been or is required" to register pursuant to SORNA. Id. ; § 589.400.1(7). Therefore, Kennedy is not eligible for removal from Missouri's Sex Offender Registry pursuant to section 589.400.7 of SORA, and the trial court misapplied the law by ordering removal of his name.
Id. at 877-78 (emphasis in the original; footnote omitted). Our reasoning in this appeal involving the exception to Missouri's lifetime registration requirements under section 589.400.3(4) and .7 is supported by the reasoning of the Eastern District in James v. Missouri State Highway Patrol , 505 S.W.3d 378 (Mo. App. E.D. 2016), and the Western District in Wilkerson v. State , 533 S.W.3d 755 (Mo. App. W.D. 2017). Both James and Wilkerson involved the exception to Missouri's lifetime registration requirements under section 589.400.3(4) and .8, and a registrant whose requirement to register under federal law had not expired.
Point granted.
The trial court's judgment is reversed and remanded with directions to reinstate Khatri's name to Missouri's sexual offender registry and deny Khatri's petition.
Jeffrey W. Bates, J.-Concurs
Daniel E. Scott, J.-Concurs

Codified at Sections 589.400 et seq. , RSMo Cum.Supp. 2017.

SORNA now is codified at 34 U.S.C. §§ 20911 et seq. ; prior to September 2017, it was codified at 42 U.S.C. §§ 16911 et seq. See Wilkerson v. State , 533 S.W.3d 755, 757 n.2 (Mo. App. W.D. 2017).

The prosecutor advocated for Khatri's name to be removed.

The MSHP's point is poorly worded, but we understand this to be its point based on the point and written argument.