John DOE, Appellant,

v.

Tom NEER, et al., Respondents.

No. ED 99249.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 2013.

Application for Transfer to Supreme Court Denied July 31, 2013.

Application for Transfer Denied Oct. 29, 2013.

Gilbert C. Sison, Saint Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary Delworth Morris, Assistant Attorney General, Saint Louis, MO, Jeremiah J. Morgan, Deputy Solicitor General, Jefferson City, MO, Robert Edward Hoeyneck, Office of the St. Louis County, Clayton, MO, for Respondents.

## OPINION

GLENN A. NORTON, Judge.

John Doe appeals the judgment entered after a bench trial in favor of Tom Neer, Sheriff of St. Charles County, Missouri, and Colonel Ronald Replogle, Superintendent of the Missouri State Highway Patrol ("Defendants"), on Doe's amended petition for declaratory and injunctive relief. Doe's amended petition alleged that Doe is not required to register as a sex offender in Missouri, sought removal of Doe's name from Missouri's sex offender registry, and requested an injunction prohibiting future prosecution for failure to register. We affirm.

## I. BACKGROUND

On July 29, 2004, Doe pled guilty in the Circuit Court of St. Louis County to possession of child pornography, a class A misdemeanor. At the time Doe pled guilty, the duty of registering as a sex offender did not apply to that offense. Section 589.400.1 RSMo Supp.2004.

### A. Changes in the Law Affecting Doe's Obligation to Register as a Sex Offender

After Doe pled guilty, the law changed so that a person convicted of possession of child pornography was required to register as a sex offender. H.B. 1055, 92nd Mo. Gen. Assem., 2nd Reg. Sess. (approved June 14, 2004 and effective 90 days after adjournment); Section 589.400.1(2) RSMo Supp.2005. Thereafter, Doe registered as a sex offender in Missouri.

Doe subsequently received a letter from the Missouri Highway Patrol indicating that he no longer had to be on the sex offender registry due to a Missouri Supreme Court ruling. In *Doe v. Phillips*, the Court held that a law requiring a person to register as a sex offender for an offense that occurred prior to the law's effective date was retrospective in operation in violation of article I, section 13 of the Missouri Constitution. 194 S.W.3d 833, 849–53 (Mo. banc 2006); *See Doe v. Blunt*, 225 S.W.3d 421, 422 (Mo. banc 2007) (similarly characterizing *Doe v. Phillips*). Doe's name was subsequently removed from the sex offender registry.

Thereafter, Doe received another letter from the Missouri Highway Patrol indicating that he was again required to register as a sex offender due to a new Missouri Supreme Court ruling. In *Doe v. Keathley*, the Court interpreted and applied the federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. section 16901 *et seq.* (2006),[1] which was enacted in July 2006 to establish a comprehensive national system for the registration of sex offenders. 290 S.W.3d 719, 720 (Mo. banc 2009); 42 U.S.C. section 16901. The Missouri Supreme Court held that SORNA applies to individuals who committed a sex offense prior to July 2006 and that SORNA imposes an independent obligation requiring those individuals to register as sex offenders in Missouri. *Keathley*, 290 S.W.3d at 720. The Court also held that the federal registration requirement operates irrespective of any allegedly retrospective state law. *Id.* Doe subsequently re-registered as a sex offender. For all relevant times during which Doe has been required to register as a sex offender pursuant to SORNA, Doe has remained in Missouri.

### B. The Instant Action

In 2012, Doe brought a two-count amended petition for declaratory and in-

---

1. All further references to SORNA are to 42 U.S.C. section 16901 *et seq.* (2006) or 18 U.S.C. section 2250(a) (2006).

junctive relief against Defendants. Count I sought a judgment declaring that the provisions of Missouri's Sex Offender Registration Act ("SORA"), sections 589.400 through 589.425 RSMo Supp.2010,[2] and SORNA do not require Doe to register as a sex offender in Missouri because, *inter alia*, "the Missouri Supreme Court [in *Doe v. Keathley* ] has mistaken the true nature of SORNA as a federal statute" and because Doe is an intrastate offender. Count II sought an injunction requiring Defendants to remove Doe's name from Missouri's sex offender registry and prohibiting future prosecution of Doe for failure to register.

After a bench trial, the trial court entered judgment in favor of Defendants on Counts I and II of Doe's amended petition, finding that Doe, a Missouri resident, is required to register as a sex offender in Missouri pursuant to section 589.400.1(7) of SORA because he "has been or is required to register under federal law [ (SORNA) ]." In other words, the trial court found that Doe had an independent federal obligation to register as a sex offender pursuant to SORNA. Doe appeals.

## II. DISCUSSION

### A. Standard of Review

■ Our review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* In this appeal, Doe challenges the trial court's interpretation and application of SORNA and SORA, which are matters that we review de novo. *See Otte v. Edwards*, 370 S.W.3d 898, 900 (Mo.App. E.D.2012) (matters of statutory

interpretation and application are reviewed de novo).

### B. Doe Had an Independent Federal Obligation to Register as a Sex Offender Pursuant to SORNA

Doe asserts three points on appeal. In all three points, Doe claims that the trial court erred in finding that Doe had an independent federal obligation to register as a sex offender pursuant to SORNA. We disagree.

### 1. Doe's Substantive Obligation to Register as a Sex Offender Does Not Arise Only from State Law and Mo. Const. Article I, Section 13 is Not Implicated

■ In his first point on appeal, Doe contends that the trial court erred in finding that he had an independent federal obligation to register as a sex offender under SORNA because the substantive obligation to register as a sex offender arises only from state law. Doe further asserts that because the registration requirement arises from state law, and SORA did not require him to register as a sex offender at the time of his conviction, the constitutional ban on retrospective legislation precludes Doe from having to register as a sex offender.

The Missouri Constitution provides that "no ... law ... retrospective in its operation ... can be enacted." Mo. Const. article I, section 13. The Missouri Supreme Court has issued multiple decisions pertaining to sex offenders' obligation to register and the constitutional ban on retrospective legislation. As previously indicated, in *Doe v. Phillips* the Court held that a law requiring a person to register as a sex offender for an offense that occurred prior to the law's effective date

---

**2.** All further references to SORA are to section 589.400 *et seq.* RSMo Supp.2010.

was retrospective in operation in violation of article I, section 13 of the Missouri Constitution. 194 S.W.3d 833, 849–53 (Mo. banc 2006). After *Doe v. Phillips*, the Missouri Supreme Court issued two decisions interpreting and applying SORNA: *Doe v. Keathley*, 290 S.W.3d 719 (Mo. banc 2009) and *Doe v. Toelke*, 389 S.W.3d 165 (Mo. banc 2012). Both decisions discuss the interplay between the state registration requirement found in section 589.400.1(7) of SORA and the federal registration requirement of SORNA found in 42 U.S.C. section 16913(a). *Toelke*, 389 S.W.3d at 166–67; *Keathley*, 290 S.W.3d at 720–21. Section 589.400.1(7) of SORA requires a Missouri resident to register as a sex offender if he or she "has been or is required to register under ... federal ... law...." The federal SORNA provides "[a] sex offender shall register ... in each jurisdiction where the offender resides." 42 U.S.C. section 16913(a). A "sex offender" is "an individual who was convicted of a sex offense," and the definition of "sex offense" includes "a criminal offense that is a specified offense against a minor." 42 U.S.C. section 16911(1) and (5)(A)(ii).

In *Keathley* and *Toelke*, the Missouri Supreme Court held as follows: If a Missouri resident is a "sex offender" pursuant to the terms of SORNA, SORNA imposes upon such a person an "independent, federally mandated registration requirement" which triggers the individual's duty to register in Missouri pursuant to section 589.400.1(7) of SORA. *Toelke*, 389 S.W.3d at 167; *Keathley*, 290 S.W.3d at 720. SORNA's registration requirement applies to persons who committed a sex offense prior to SORNA's July 2006 enactment. *Keathley*, 290 S.W.3d at 720. Moreover, "[t]he independent registration requirement under SORNA operates irrespective of any allegedly retrospective state law that has been enacted and may be subject to the article I, section 13 ban on the enactment of retrospective state laws." *Id.* When the state registration requirement is based on an independent federal registration requirement, article I, section 13 is not implicated because the state registration requirement does not arise from the enactment of a state law and is not based solely on the fact of a past conviction. *Id.; Toelke*, 389 S.W.3d at 167. Instead, the state registration requirement in section 589.400.1(7) of SORA is based on the person's present status as a sex offender who "has been or is required" to register pursuant to SORNA. *Toelke*, 389 S.W.3d at 167; section 589.400.1(7). Therefore, if an individual has been required to register pursuant to SORNA, he or she is presently required to register pursuant to SORA. *Toelke*, 389 S.W.3d at 167.

In this case, Doe claims that "[t]he Missouri Supreme Court ... erred in concluding that there was an independent, federal obligation under SORNA to register as a sex offender."[3] However, our Court is constitutionally bound to follow *Doe v.*

**3.** Doe claims that the Supreme Court erred by failing to recognize that SORNA was a federal statute enacted through Congress' Spending Clause power, and therefore the substantive obligation to register as a sex offender arises from state law rather than federal law. In light of our discussion in section II.B.2.b below, where we hold that 42 U.S.C. section 16913(a) of SORNA is constitutionally authorized under the Commerce Clause and the enabling Necessary and Proper Clause, we need not consider Doe's claim that SORNA was enacted through Congress' Spending Clause power. *See Pierce County, Wash. v. Guillen*, 537 U.S. 129, 147 n. 9, 123 S.Ct. 720, 154 L.Ed.2d 610 (2003) (determination of whether statute was a proper exercise of Congress' authority under the Spending Clause was unnecessary in light of holding that Congress had authority to enact statute under the Commerce Clause).

*Keathley* and *Doe v. Toelke* because they are the most recent controlling decisions of the Missouri Supreme Court. *Carter v. Division of Employment Sec.*, 350 S.W.3d 482, 486 n. 3 (Mo.App. W.D.2011); *see also* Mo. Const. article V, section 2.

Pursuant to the reasoning in *Keathley* and *Toelke,* Doe had an independent federal obligation to register as a sex offender. It is undisputed that Doe is a "sex offender" pursuant to the terms of SORNA because he was convicted of possession of child pornography. *See* 42 U.S.C. section 16911(1) (a "sex offender" is "an individual who was convicted of a sex offense"); 42 U.S.C. section 16911(5)(A)(ii) and (7)(G) (a "sex offense" is "a criminal offense that is a specified offense against a minor," including possession of child pornography). Accordingly, SORNA imposes an independent, federally mandated registration requirement upon Doe which triggers his duty to register in Missouri pursuant to section 589.400.1(7) of SORA. In other words, because Doe "has been or is required to register" pursuant to SORNA, he is presently required to register pursuant to section 589.400.1(7) of SORA. Doe's state registration requirement is based on an independent federal registration requirement. Therefore, Doe's substantive obligation to register as a sex offender does not arise only from state law and article I, section 13 is not implicated. Point one is denied.

**2. SORNA's Registration Requirement Applies to Intrastate Offenders Such as Doe and is Not Unconstitutional as Applied to Doe**

In his second and third points on appeal, Doe contends that the trial court erred in finding that he had an independent federal obligation to register as a sex offender under SORNA because SORNA's registration requirement either does not apply to him or is unconstitutional as applied to him

in that he is an intrastate offender. Doe maintains he is an intrastate offender because he has remained in Missouri for all relevant times he has been required to register as a sex offender pursuant to SORNA.

The two relevant sections of SORNA at issue in this appeal are the registration provision set forth in 42 U.S.C. section 16913(a) ("section 16913(a)") and the penalty provision for failure to register set forth in 18 U.S.C. section 2250(a) ("section 2250(a)"). As previously stated, section 16913(a) provides that "[a] sex offender shall register ... in each jurisdiction where the offender resides." The penalty provision set forth in section 2250(a) provides that failure to register is "a federal criminal offense covering, *inter alia,* any person who (1) 'is required to register under [SORNA],' (2) 'travels in interstate [ ] commerce,' and (3) 'knowingly fails to register or update a registration.'" *Carr v. U.S.,* 560 U.S. 438, 130 S.Ct. 2229, 2232, 176 L.Ed.2d 1152 (2010) (quoting section 2250(a)). For persons convicted of sex offenses under state law, interstate travel is a prerequisite to section 2250(a) liability. *Carr,* 130 S.Ct. at 2234–35, 2235 n. 3.

**a. SORNA's Application**

In his second point on appeal, Doe claims that he had no independent federal obligation to register because, pursuant to *Carr,* 130 S.Ct. 2229, Doe has not and cannot be subject to federal prosecution under section 2250(a) since it is undisputed that he has not traveled in interstate commerce. A similar argument was rejected by the Western District in *Doe v. Keathley,* 344 S.W.3d 759, 769 (Mo.App. W.D. 2011).

In *Doe v. Keathley,* the offender, relying on *Carr,* 130 S.Ct. 2229, argued that he was not required to register pursuant to SORNA because the State failed to prove

that he traveled in interstate commerce after SORNA's passage. 344 S.W.3d at 769. The Western District disagreed, finding that *Carr* merely holds that in order for a person to be subject to *federal criminal prosecution* under section 2250(a), he or she must have traveled in interstate commerce subsequent to SORNA's passage. *Id.* Moreover, *Carr* recognizes that state administrative and enforcement mechanisms set forth in various provisions of SORNA, rather than federal criminal prosecution pursuant to section 2250(a), "stand at the center of Congress' effort to account for missing sex offenders" in SORNA. *Id.* (quoting *Carr*, 130 S.Ct. at 2241). Therefore, the Western District concluded that "[i]ndividuals are subject to the obligation to register with state authorities as a sex offender independent of any interstate-travel component required to justify federal criminal enforcement." *Id.*

Based on the reasoning employed by the Western District in *Doe v. Keathley* and the Court's ultimate conclusion, we hold that SORNA requires Doe to register as a sex offender in Missouri irrespective of whether he is an intrastate offender. *Id.*; *See also Vaughan v. Missouri Dept. of Corrections*, 385 S.W.3d 465, 467–68 (Mo. App. W.D.2012) (relying on *Keathley* to hold that "[a]ppellants' argument that they [we]re not required to register as sex offenders in Missouri because they had not traveled in interstate commerce since SORNA's enactment was without merit"). Point two is denied.

### b. SORNA's Constitutionality

■ In his third and final point on appeal, Doe claims that he had no independent federal obligation to register because SORNA's registration requirement, found in section 16913(a), is unconstitutional as applied to him since he is an intrastate offender. Doe specifically argues that imposing a direct obligation to register on purely intrastate offenders such as himself would be an unconstitutional exercise of Congress' power under the Commerce Clause.

■ Before we address Doe's claim, we must determine whether it is proper for this Court to review it. Pursuant to the Missouri Constitution, the Missouri Supreme Court has exclusive appellate jurisdiction in all cases involving the validity of a federal statute. Mo. Const. article V, section 3; *Joshi v. St. Luke's Episcopal Presbyterian Hosp.*, 142 S.W.3d 862, 866 (Mo.App. E.D.2004). However, the mere assertion that a federal statute is unconstitutional does not deprive our Court of jurisdiction. *Joshi*, 142 S.W.3d at 866. When a party's claim is not "real and substantial," but instead is merely colorable, our Court maintains jurisdiction and can review the claim. *Id.*; *Ahern v. P & H, LLC*, 254 S.W.3d 129, 134 (Mo.App. E.D.2008). For the reasons set forth below, Doe's claim is not "real and substantial." Accordingly, our review is proper.

In *U.S. v. Howell*, the Eighth Circuit rejected the argument Doe raises here—that SORNA unconstitutionally regulates purely intrastate activity beyond the reach of Congress' Commerce Clause.[4] 552 F.3d 709, 713–17 (8th Cir.2009). We find *Howell* instructive.

In *Howell*, appellants were convicted of failing to register as sex offenders in violation of section 2250(a) of SORNA because they traveled in interstate commerce and failed to register or update their sex offender registration. 552 F.3d at 711–12. On appeal, appellants argued that their

4. Other federal courts have also rejected this argument. *See, e.g., U.S. v. Vasquez*, 611 F.3d 325, 329–31 (7th Cir.2010); *U.S. v. Guzman*, 591 F.3d 83, 90–91 (2nd Cir.2010).

convictions should be reversed because, *inter alia*, the registration requirement found in section 16913(a)[5] of SORNA was unconstitutional. *Id.* at 713. They claimed that section 16913(a) was an unconstitutional exercise of Congress' Commerce Clause power because it regulates purely non-economic, intrastate activity by requiring registration of sex offenders who were convicted of state sex offenses but never cross state lines. *Id.*

In addressing appellants' claim, the Eighth Circuit found that although Congress has authority under the Commerce Clause to reach wholly intrastate activity which has a substantial effect on interstate commerce, there was little evidence in the record demonstrating that intrastate sex offender registration substantially affects interstate commerce. *Id.* at 714–15. Accordingly, the Court held:

> [a] narrow discussion which only analyzes section 16913 [ (a) ] under [Congress' Commerce Clause authority] casts doubt on the constitutionally of section 16913[ (a) ].... *However, an analysis of section 16913 [ (a) ] under the broad authority granted to Congress through both the [C]ommerce [C]lause and the enabling [N]ecessary and [P]roper [C]lause reveals the statute is constitutionally authorized.*

*Id.* at 715 (emphasis added).

The Court began its analysis of the constitutionality of section 16913(a) by determining that SORNA's overall statutory scheme and legislative history reveal that the purpose of SORNA is to regulate the interstate movement of sex offenders. *Id.* at 715–17. Therefore, SORNA furthers a legitimate end under the Commerce

Clause, i.e., regulating persons and the use of channels in interstate commerce. *Id.* The Court then concluded that the registration requirement of section 16913(a) is an "appropriate aid to the accomplishment" of SORNA's purpose of tracking the interstate movement of sex offenders because the registration requirement helps establish a national system by which the government can monitor the location and travel of sex offenders. *Id.* at 717 (internal quotation omitted).

The Eighth Circuit recognized that the registration requirement of section 16913(a) applies to "wholly intrastate sex offenders" and found that "section 16913[ (a) ] is a reasonable means to track those offenders if they move across state lines." *Id.* The Court explained:

> In order to monitor the interstate movement of sex offenders, the government must know both where the offender has moved and where the offender originated. Without knowing an offender's initial location, there is nothing to ensure the government would know if the sex offender moved.

*Id.* The Court then held that "section 16913[ (a) ] is constitutional under Congress' authority to use the necessary and proper means to further its [C]ommerce [C]lause power because it 'is a necessary part of a more general regulation of interstate commerce.'" *Id.* (quoting *Gonzales v. Raich*, 545 U.S. 1, 37, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (Scalia, J., concurring)).

Here, Doe attempts to distinguish *Howell* because, unlike the procedural posture of this case, the appellants in *Howell* were federally prosecuted under section 2250(a) for failing to register. Doe provides us

---

**5.** The appellants in *Howell* claimed that 42 U.S.C. section 16913 in its entirety was unconstitutional. 552 F.3d at 713. Additionally, the Eighth Circuit's analysis pertained to 42 U.S.C. section 16913 in its entirety. *Id.* at

713–17. Our references to *Howell* and our analysis is limited to section 16913(a) because it is the only subsection of 42 U.S.C. section 16913 that is implicated in this case.

with no legal authority in support of this distinction, and we find his claim is not "real and substantial." As explained above, *Howell* squarely addressed section 16913(a)'s application to wholly intrastate sex offenders and the provision's constitutionality. In accordance with the reasoning, findings, and holding of the Eighth Circuit in *Howell,* SORNA's registration provision, section 16913(a), is a reasonable means to track intrastate offenders if they move across state lines and is constitutionally authorized under Congress' authority pursuant to the Commerce Clause and the enabling Necessary and Proper Clause. Point three is denied.

### 3. Conclusion

Although we recognize that Doe's arguments are compelling, we are bound by the Missouri Supreme Court's decisions in *Doe v. Keathley,* 290 S.W.3d 719 and *Doe v. Toelke,* 389 S.W.3d 165, and our Court agrees with the reasoning and conclusions of the Western District in *Doe v. Keathley,* 344 S.W.3d 759 and the Eighth Circuit in *U.S. v. Howell,* 552 F.3d 709. Pursuant to those cases, Doe had an independent federal obligation to register as a sex offender pursuant to SORNA. Therefore, he is presently required to register as a sex offender pursuant to section 589.400.1(7) of SORA.[6] *Toelke,* 389 S.W.3d at 167.

### III. CONCLUSION

The trial court's judgment entered in favor of Defendants on Doe's amended petition for declaratory and injunctive relief is affirmed.

CLIFFORD H. AHRENS, P.J. and SHERRI B. SULLIVAN, J., concur.

---

**6.** We note that the registration requirements of SORA are lifetime registration requirements unless:
(1) All offenses requiring registration are reversed, vacated or set aside;
(2) The registrant is pardoned of the offenses requiring registration;
(3) The registrant is no longer required to register and his or her name shall be removed from the registry under the provisions of subsection 6 of this section; or
(4) The registrant may petition the court for removal or exemption from the registry under subsection 7 or 8 of this section and the court orders the removal or exemption of such person from the registry.
Section 589.400.3.