

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

JORDAN WOOD, )
)
        Appellant, )
)
v. )      WD85024
)
CRIMINAL RECORDS )      Opinion filed:   May 23, 2023
REPOSITORY, ET AL., )
)
        Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF
### BOONE COUNTY, MISSOURI
### THE HONORABLE JEFF HARRIS, JUDGE

Special Division: W. Douglas Thomson, Presiding Judge,
Alok Ahuja, Judge and Edward R. Ardini, Jr., Judge

Jordan Wood ("Wood") appeals from the trial court's judgment dismissing his petition for removal from the Missouri Sex Offender Registry. On appeal, Wood argues that the trial court erred in determining that he had a lifetime registration obligation under Section 589.400.1(7) because he met all of the removal requirements of Missouri's Sex Offender Registration Act ("MO-SORA"). We affirm.

## Factual and Procedural Background

On October 28, 2009, Wood was charged with felony possession of child pornography. Wood pled guilty to that charge on February 8, 2010. He was sentenced to 7 years in prison, with a suspended execution of sentence, and was placed on probation for 5 years. Wood completed probation on March 14, 2015.

Under MO-SORA,[1] Wood was required to register as a sex offender. Wood was also required to register pursuant to the federal Sex Offender Registration and Notification Act ("SORNA") because he pled guilty to an offense against a minor.

Wood has been a registered sex offender since he pled guilty in 2010. Wood has not been adjudicated for any felony offenses or any sex offenses since his 2010 conviction. He successfully completed a sex offender treatment program as a condition of his probation. Wood has also maintained employment since his guilty plea.

On May 31, 2021, Wood filed a Petition for Removal from the Missouri Sex Offender Registry, alleging that he is entitled to removal pursuant to Section 589.401. The State filed a motion to dismiss, arguing that because Wood was required to register as a sex offender under both Missouri and federal law, MO-SORA requires him to register for life.

The trial court held a hearing on the matter on October 25, 2021. On October 26, 2021, the trial court entered its judgment stating, "having heard argument and

---

[1] Sections 589.400 to 589.425, RSMo. All statutory references are to RSMo 2016, as updated by supplement unless otherwise indicated. As we note below, MO-SORA was amended in 2018.

2

having reviewed the pleadings and relevant legal authority and statutes, grants the State's motion to dismiss for the reasons articulated by the State and denies the relief requested by [Wood]." This appeal follows.

## Standard of Review

This Court reviews a trial court's sustaining of a motion to dismiss *de novo*. *Mitchell v. Phillips*, 596 S.W.3d 120, 122 (Mo. banc 2020). "'A motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition.'" *Id.* (quoting *Cope v. Parson*, 570 S.W.3d 579, 583 (Mo. banc 2019)).

In this case, Wood argues that the trial court erred in finding that MO-SORA requires him to register as a sex offender for life. "Questions of statutory interpretation are reviewed de novo." *Id.* (citations and internal quotation marks omitted). As we explained in *Dixon v. Mo. State Highway Patrol*, 583 S.W.3d 521, 523-34 (Mo. App. W.D. 2019):

> "Any time a court is called upon to apply a statute, the primary obligation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *State ex rel. Hillman v. Beger*, 566 S.W.3d 600, 604-05 (Mo. [banc] 2019) (citations and internal quotation marks omitted). "This Court interprets statutes in a way that is not hypertechnical but instead is reasonable and logical and gives meaning to the statute and the legislature's intent as reflected in the plain language of the statute at issue." *IBM Corp. v. Dir. of Revenue*, 491 S.W.3d 535, 538 (Mo. [banc] 2016) (citations omitted) [abrogated on other grounds].

**Analysis**

Both Missouri and federal law require sex offender registration. *See Selig v. Russell*, 604 S.W.3d 817, 820-21 (Mo. App. W.D. 2020). The federal government does not maintain its own registry, but its statute ("SORNA") establishes registration requirements that states must comply with to receive federal funding. *Id.* at 821. Missouri recognizes that SORNA was intended to be uniformly implemented by the states and maintains a sex offender registry pursuant to MO-SORA. *Id.* at 820-21 (citing *Doe v. Keathley*, 344 S.W.3d 759, 764 (Mo. App. W.D. 2011)). The legislature amended MO-SORA in 2018, and those amendments are at issue in this case:

> The amendments divided sex offenders into tiers based on the severity of their offenses. The amendments required only those in tier III, the most severe offenders, to register for their lifetimes (unless the tier III offense was adjudicated delinquent because the offender was a juvenile), and imposed lesser registration periods on tiers I and II offenders. *See* Sections 589.400, *et seq.* The amendments also provided a mechanism for tiers I and II offenders to be removed from the registry. *See* Sections 589.400.10 and 589.401.

*Hixson v. Mo. State Highway Patrol*, 611 S.W.3d 923, 924-25 (Mo. App. E.D. 2020).

The parties agree that Wood is a Tier I sex offender under the 2018 amendments to MO-SORA. Tier I sex offenders are required to register for fifteen years. Section 589.400.4(1), RSMo. Tier I sex offenders can have their registration period reduced if they can maintain a "clean record" for ten years. Section

589.400.5(2)(a). To maintain a "clean record," a Tier I offender needs to avoid adjudication for any offense that carries a sentence of more than one year in prison, adjudication for any sex offense, successfully complete probation, and successfully complete an appropriate sex offender treatment program. Section 589.400.5(1).

After maintaining a "clean record" and being registered for ten years, Section 589.401 permits an offender to file a petition for removal from the registry. Section 589.401.11 directs that "[t]he court shall not enter an order directing the removal of the petitioner's name from the sexual offender registry unless it finds that petitioner" has maintained a "clean record" and "[i]s not a current or potential threat to public safety."

Neither party disputes that Wood has successfully maintained a "clean record" since requiring to register in 2009. Instead, the trial court found that Wood was required to register under Section 589.400.1(7). That section includes "a general provision that requires registration for any person who '*has been or is required to register under* tribal, *federal*, or military law[.]'" *Selig*, 604 S.W.3d at 821 (quoting Section 589.400.1(7)) (emphasis added).

*Selig* is the first in a line of cases addressing Section 589.400.1(7) and the 2018 amendments to MO-SORA. Here, the trial court expressly relied on *Selig* in its judgment. The petitioner in *Selig* filed a petition seeking exemption from registering as a sex offender. *Id*. at 818-19. The State argued in part that the petitioner was not exempt from registering as a sex offender because he had an independent obligation to register under SORNA, and was therefore required to

register for life under Section 589.400.1(7). *Id.* at 819. This Court agreed, finding that Section 589.400.1(7) creates an independent registration requirement. We explained:

> "[T]he Missouri Supreme Court [has] held as follows: If a Missouri resident is a 'sex offender' pursuant to the terms of SORNA, SORNA imposes upon a person an 'independent, federally mandated registration requirement' which triggers the individual's duty to register in Missouri pursuant to section 589.400.1(7) of [MO-SORA]." *Doe v. Neer*, 409 S.W.3d 451, 455 (Mo. App. E.D. 2013). Thus, regardless of the other terms of MO-SORA, [S]ection 589.400.1(7) acts as an 'independent' requirement for registration.

*Id.* at 821; *see also Doe v. Keathley*, 290 S.W.3d 719 (Mo. banc 2009); *Doe v. Toelke*, 389 S.W.3d 165 (Mo. banc 2012).[2] Thus, we interpret Section 589.400.1(7) to be a "catch-all" provision "allowing Missouri to fully comply with the registration requirements of SORNA without having to amend MO-SORA every time the federal government [chooses] to amend SORNA." *Selig*, 604 S.W.3d at 822.

As Wood points out, *Selig* did not address whether Tier I offenders were eligible for removal from the sex offender registry pursuant to Section 589.401 if they have previously been required to register under SORNA, which is at issue in this case. However, the Missouri Supreme Court recently addressed this issue directly in *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895 (Mo. banc 2023).[3]

---

[2] The 2018 amendments to MO-SORA did not alter the language of Section 589.400.1(7).

[3] The Missouri Supreme Court released its opinion in *Smith* after both parties in this case had filed their briefs. We requested the parties provide us with supplemental briefing letters outlining the effect of the *Smith* decision on this case. Wood timely filed his letter, where he conceded that *Smith* was applicable to his case and acknowledged that "apparently Appellant still has an independent obligation to

6

Both offenders in *Smith* are Tier I sex offenders who, like Wood, were required to register under SORNA for 15 years. *Id.* at 903-04. Both filed petitions for removal from the sex offender registry pursuant to Section 589.401. *Id.* at 897-98. Both petitions were denied because the trial courts determined that Section 589.400.1(7) "requires lifetime registration for anyone who has ever had to register in Missouri for an offense that required registration under SORNA." *Id.* at 898.

The Missouri Supreme Court ultimately agreed, holding, "this Court is persuaded it should continue to apply [Section] 589.400.1(7) as mandating a lifetime registration requirement in Missouri if an offender 'has been' subject to federal registration requirements under SORNA." *Id.* at 902. The Court reasoned:

> Before the 2018 amendments to MO-SORA, Missouri courts consistently held that pursuant to [Section] 589.400.1(7), sex offenders are required to register in Missouri for their lifetimes if they previously were required to register as sex offenders pursuant to SORNA, even if they are not presently required to register under SORNA. *See, e.g.*, *Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo. banc 2012); *Wilkerson v. State*, 533 S.W.3d 755, 760 (Mo. App. [W.D.] 2017). "SORNA imposes an independent obligation requiring respondents to register as sex offenders in Missouri." *Keathley*, 290 S.W.3d at 720; *Toelke*, 389 S.W.3d at 167. "[MO]-SORA registration requirements apply to any person who 'has been' required to register as a sex offender pursuant to federal law." *Toelke*, 389 S.W.3d at 167. "[E]ven if [the offender] presently is not required to register pursuant to SORNA, [the offender] 'has been' required to register as a sex offender and, therefore, is required to register pursuant to [MO]-SORA." *Id.*

> Because the language of [Section] 589.400.1(7) is clear, it is improper for this Court to look beyond the plain language of the statute and to construe [Section] 589.400.1(7) contrary to both the plain language and this Court's previous construction of the same statutory provision. The registration requirement pursuant to [Section] 589.400.1(7) continues even after the

register under federal law and is therefore required to register in Missouri for Life." We appreciate Wood's candor and agree that *Smith* controls our decision in this case.

7

individual's federal registration obligation pursuant to SORNA has expired because "the state's registration requirement is based on the person's present status as a sex offender who 'has been' required to register pursuant to SORNA." *Toelke*, 389 S.W.3d at 167; [Section] 589.400.1(7). The General Assembly was aware of this Court's interpretation of [Section] 589.400.1(7) at the time of the 2018 amendments and chose to leave the language regarding federal registration unchanged. *See Selig v. Russell*, 604 S.W.3d 817, 824 (Mo. App. [W.D.] 2020). Although Missouri courts have stated this result does not seem to comport with legislative intent, when the plain language of the statute is clear, this Court will not look beyond it.

*Id.* at 900-01. The Missouri Supreme Court then concluded that both Smith and Ford were, at one point, required to register as a sex offender under SORNA, and are thus required to register for life under MO-SORA.[4] *Id.* at 903-04.

As Wood now concedes, the Court's opinion in *Smith* is dispositive in this case. Wood admits that he was required to register under SORNA for ten years. Wood's prior obligation to register under SORNA requires him to register under MO-SORA for his lifetime. Missouri law is clear that if a sex offender has previously or is currently required to register under federal law, he is also required

---

[4] The Missouri Supreme Court also recently addressed another case involving the removal procedures of MO-SORA. *See MacColl v. Mo. Highway Patrol*, No. SC 99656, 2023 WL 2772436 (Mo. banc Apr. 4, 2023). But the Court's opinion in *MacColl* is inapplicable to Wood's claims, as they explained:

This Court recently held section 589.400.1(7) continues to impose a lifetime registration requirement for an offender who has been or is required to register under federal law after the 2018 amendments took effect despite adoption of a tier system and registration removal procedure. *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 903 (Mo. banc 2023). Unlike the offenders in *Smith*, MacColl does not concede she was required to register under federal law because she believes any duty to register based on her 1995 misdemeanor offense expired before SORNA took effect.

*Id.* at *6. Like the offenders in *Smith*, Wood concedes that he was required to register under MO-SORA and SORNA. Accordingly, *MacColl* does not control our opinion in this case.

to register for life under MO-SORA. Therefore, Wood is required to register as a sex offender for his life. The trial court did not err in dismissing his petition for removal from the sex offender registry. Point I is denied.

## Conclusion

The trial court's judgment is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.